

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number: 18SL-CC04735 |
|---|---|
| Plaintiff/Petitioner:<br>MARISA MONTGOMERY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>7730 CARONDELET AVE.<br>SUITE 135<br>ST. LOUIS, MO 63105 |
| Defendant/Respondent:<br>AMERICAN FIRST FINANCE INC<br>DBA: AMERICAN FIRST FINANCE OF MO INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Contract-Other | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: AMERICAN FIRST FINANCE INC
         Alias:
         DBA: AMERICAN FIRST FINANCE OF MO INC
C/O INCORP SERVICES INC    SERVE: REGISTERED AGENT
2847 S INGRAM MILL SUITE A100
SPRINGFIELD, MO 65804



COURT SEAL OF

ST. LOUIS COUNTY

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

18-DEC-2018
Date

_____
Clerk

**Further Information:**
KAM

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____   _____
Printed Name of Sheriff or Server   Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____  _____
           Date          Notary Public

**EXHIBIT A**

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $  10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

   **(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

   **(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 18-SMCC-10585**   4   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Louis County - December 17, 2018 - 12:04 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **MARISA MONTGOMERY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. |
| v. ) | |
| ) | Division |
| **AMERICAN FIRST FINANCE, INC., d/b/a** ) | |
| **AMERICAN FIRST FINANCE OF MO** ) | |
| **INC.,** ) | |
| ) | |
| Serve R/Agt: ) | |
| Incorp Services, Inc. ) | |
| 2847 S. Ingram Mill Road | |
| Suite A100 ) | |
| Springfield, Missouri 65804 ) | |
| ) | |
| Defendant. ) | |

### PETITION

COMES NOW Marisa Montgomery, by and through her undersigned counsel, and brings this cause of action for actual and statutory damages under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA") for compensatory and punitive damages for violations of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.* ("MMPA"), Money Had and Received, and Conversion against Defendant American First Finance, Inc. d/b/a American First Finance of MO Inc., and in support thereof states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of the EFTA claims under 15 U.S.C. § 1693(m)(g).

2. This Court has jurisdiction of the MMPA claims under Mo. Rev. Stat. § 407.025.

3. This Court has jurisdiction over Plaintiff's Money Had and Received and Conversion claims pursuant to the Missouri Constitution. *See* Mo. Const. Art. V. § 14.

4. Plaintiff is a natural person and citizen of the State of Missouri.

1

Electronically Filed - St Louis County - December 17, 2018 - 12:04 PM

5. Defendant American First Finance, Inc., is a foreign corporation, registered and in good standing with the Missouri Secretary of State, doing business as American First Finance of MO Inc.

6. This Court may exercise personal jurisdiction over this Defendant for the reason that its conduct satisfies Missouri's long-arm statute, § 506.500 R.S.Mo., in that it has transacted business in the State of Missouri and made contracts in Missouri.

7. Venue is appropriate pursuant to Mo. Rev. Stat. § 508.010 because Defendant's tortious and unfair business practices were directed at Plaintiff, and thus Plaintiff was first injured, in St. Louis County, Missouri.

## FACTS

8. In 2018, Plaintiff obtained a loan from American First Finance that she used for personal and nonbusiness purchases.

9. As part of the repayment of the loan, Plaintiff authorized ACH payments, which allowed American First Finance to make scheduled electronic debits from Plaintiff's personal checking account.

10. Plaintiff's personal checking account was used primarily for personal, family, and household purposes.

11. Then, on September 27, 2018, Plaintiff filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Missouri (Case No. 18-46210).

12. On her bankruptcy petition, Plaintiff's debt to American First Finance was clearly and properly listed on Schedule E/F.

13. By filing for bankruptcy protection, Plaintiff withdrew consent for American First Finance to automatically debit her checking account to pay the debt.

Electronically Filed - St Louis County - December 17, 2018 - 12:04 PM

14. Further, upon filing her bankruptcy petition, an automatic stay was in place by operation of the Bankruptcy Code which prohibited Plaintiff's creditors, including but not limited to American First Finance, from attempting to collect her alleged debts.

15. The same day she filed for bankruptcy protection, Plaintiff immediately sent a separate letter to American First Finance revoking her consent for any additional withdrawals out of her account.

16. Plaintiff received confirmation that the revocation letter was delivered and received by American First Finance on the morning of Friday, September 28, 2018.

17. As such, American First Finance possessed actual notice of Plaintiff's bankruptcy filing no later than September 28, 2018.

18. In addition, the Bankruptcy Court sent notice of the bankruptcy filing directly to American First Finance's electronic mailing address, which American First Finance received on September 30, 2018.

19. Within the notice, the Honorable Charles E. Rendlen, III provided American First Finance with the following notice:

> This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.
>
> The filing of the case imposed an automatic stay against most collection activities (see Bankruptcy Code §362 for prohibited collection actions). This means that creditors generally may not take action to collect debts from the debtors, from the debtors' property, or from certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the Court to extend or impose a stay.
>
> The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the Bankruptcy Clerk's Office within the deadlines specified in this notice. (See section number 9 for more information.)

20. American First Finance never filed a motion for relief or took any other action with the Bankruptcy Court in order to continue its collection activity in contravention of the automatic stay.

3

21. At all times relevant, American First Finance knew about the Bankruptcy Code's automatic stay provision.

22. At all times relevant, American First Finance knew it should not collect or attempt to collect any debt subject to an automatic stay.

23. American First Finance ignored the automatic stay and Plaintiff's withdrawal of consent to electronically debit her bank account.

24. On October 1, 2018, American First Finance seized approximately $88.00 from Plaintiff's personal checking account via electronic debit.

25. American First Finance did not possess any authority from Plaintiff to make the October 1, 2018 debit.

26. American First Finance's October 1, 2018 electronic debit did not benefit Plaintiff in any way.

27. After taking this money from Plaintiff, American First Finance stopped taking further unlawful withdrawals of Plaintiff's account.

28. This cessation demonstrates that American First Finance did, in fact, receive notice of Plaintiff's bankruptcy filing.

29. American First Finance possessed actual knowledge of the date of Plaintiff's bankruptcy filing and of the date of its subsequent electronic transfer.

30. American First Finance *knew* that it withdrew money from Plaintiff's account after she had sought bankruptcy protection.

31. Despite this knowledge, American First Finance has not returned any of the funds that it stole from Plaintiff.

Electronically Filed - St Louis County - December 17, 2018 - 12:04 PM

32. As evidenced by its failure to return the funds, American First Finance does not have any reasonable procedures in place to return funds it withdraws from checking accounts after consumers have filed for bankruptcy.

33. As evidenced by its actual notice of the bankruptcy on September 30, 2018, American First Finance does not have any reasonable procedures in place to immediately cease scheduled electronic transfers upon receiving notice of an automatic stay.

34. American First Finance's conduct has caused Plaintiff to suffer statutory damages under the EFTA and actual damages, including but not limited to the loss of the money stolen from her personal checking account, the loss of benefit of her bankruptcy filing and counsel, and frustration and worry.

## COUNT I: VIOLATION OF THE EFTA

35. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

36. Plaintiff and Defendant are each a "person" within the meaning of the EFTA. 15 U.S.C. § 1693a(6).

37. Defendant's unlawful electronic funds transfers of which Plaintiff complains occurred within the previous twelve (12) months.

38. In its attempts to collect Plaintiff's debt, Defendant committed violations of the EFTA, 15 U.S.C. § 1693 et seq., including, but not limited to, the following: making unauthorized electronic fund transfers from Plaintiff's personal checking account without actual authority from Plaintiff and with no benefit to Plaintiff, 15 U.S.C. § 1693a.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant for:

    a.    Actual and statutory damages pursuant to 15 U.S.C. § 1693m(a);

Electronically Filed - St Louis County - December 17, 2018 - 12:04 PM

b.   The costs of the action, together with attorney's fees pursuant to 15 U.S.C. § 1693m(a); and

c.   For such other relief as the Court may deem just and proper.

### COUNT II: VIOLATION OF THE MMPA

39.   Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

40.   Plaintiff is a "Person," as defined by § 407.010(5) R.S.Mo.

41.   Defendant is a "Person" as defined by § 407.010(5) R.S.Mo.

42.   Plaintiff's agreement to obtain a consumer loan from Defendant is a "Sale" as defined by § 407.010(6).

43.   In connection with said transaction, Defendant. committed deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, in violation of § 407.020 R.S.Mo.

44.   Defendant unfairly stole, and knowingly retained, Plaintiff's money after any authority it had to debit her account had been rescinded.

45.   Plaintiff would never have agreed to sign an ACH authorization for Defendant if she had known that Defendant would seize money from her after she revoked her legal authority for any such transfers.

46.   Plaintiff would never have agreed to sign an ACH authorization for Defendant if she had known that Defendant would refuse to return the money it stole from Plaintiff after it Defendant obtained knowledge that it did not possess legal authority to withdraw those funds.

47.   Having received notice of Plaintiff's bankruptcy, Defendant purposefully seized payments from Plaintiff knowing that Defendant would otherwise receive little or no additional monies from Plaintiff due to her bankruptcy.

48. Defendant's above-described conduct occurred in connection with the sale of the consumer loan.

49. As a direct and proximate result of Defendant's violations of § 407.020 R.S.Mo., Plaintiff has suffered an ascertainable loss of money in the amount stolen from her checking account and the loss of benefit of her bankruptcy filing and counsel, and seeks relief pursuant to § 407.025 R.S.Mo.

50. Plaintiff demands attorneys' fees pursuant to § 407.025 R.S.Mo

51. Pursuant to § 407.025 R.S.Mo., Plaintiff also seeks punitive damages, because Defendant's conduct in knowingly taking her funds in contravention of the bankruptcy stay and then refusing to return those funds was wanton, willful, and in deliberate disregard of Plaintiff's rights.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

a. Actual damages in an amount greater than the minimum jurisdictional amount of this Court to be determined at trial;

b. Punitive damages pursuant to Mo. Rev. Stat. § 407.025(1) in the largest amount allowed by law;

c. Reasonable attorney's fees pursuant to Mo. Rev. Stat. § 407.025(1);

d. For such other and further relief as the Court deems proper.

## **COUNT III:  CONVERSION**

52. Plaintiff re-alleges and incorporates all of the above paragraphs.

53. Defendant converted an identifiable fund—Plaintiff's monthly payments—in Defendant's possession for a specific purpose, namely satisfying a debt that Defendant no long

possessed legal authority to collect and which has since ceased to exist as a result of Plaintiff's bankruptcy discharge.

54. Defendant seized Plaintiff's money from Plaintiff's personal checking account on October 1, 2018.

55. Plaintiff would not have agreed to enter into the initial transaction with Defendant had she known that Defendant would continue to collect the debt after she had already sought bankruptcy protection.

56. Plaintiff had the sole exclusive interest in her money.

57. Due to the bankruptcy court's automatic and permanent stay provisions, Defendant had no right to the money it took from Plaintiff.

58. Defendant's conversion has caused Plaintiffs to suffer damage, including loss of funds for other vital household expenses.

59. Defendant's actions were deliberately deceptive and predatory. Defendant acted with reckless indifference towards Plaintiff's rights.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    a. Actual damages;

    b. Punitive damages in the largest amount allowed by law; and

    c. For such other relief as the Court may deem just and proper.

### COUNT IV – MONEY HAD AND RECEIVED

75. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

76. Defendant has received monies to which it was not entitled pursuant to under Missouri and federal law.

77. Defendant has received monies that it did not have the legal authority to assess or collect which in equity and good conscience ought to be paid back to Plaintiff.

78. Implied in contract, Plaintiff is entitled to a full return of said monies.

79. Defendant's actions were deliberately deceptive and predatory. Defendant acted with reckless indifference towards Plaintiff's rights.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

a. Actual damages;

b. Attorney's fees;

c. Punitive damages in the largest amount allowed by law; and

d. For such other relief as the Court may deem just and proper.

Respectfully submitted,

**BRODY & CORNWELL**

/s/ *Bryan E Brody*
Bryan E. Brody, Mo. Bar No. 57580
Alexander J. Cornwell, Mo. Bar No. 64793
7730 Carondelet Avenue, Suite 135
Clayton, Missouri 63105
314.932.1068 / fax: 314.228.0338
BBrody@BrodyandCornwell.com
ACornwell@BrodyandCornwell.com
*Attorneys for Plaintiff*